**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMERICAN FIDELITY COMPANIES ) <br> EMPLOYEE SAVINGS PLAN, and ) <br> AMERICAN FIDELITY CORPORATION, ) <br> as Sponsor and Fiduciary of the AMERICAN ) <br> FIDELITY COMPANIES EMPLOYEE SAVINGS ) <br> PLAN, and INVESTRUST, N.A., as Fiduciary ) <br> of the AMERICAN FIDELITY GROUP ) <br> EMPLOYEE SAVINGS PLAN, ) <br>                                                       ) <br>                 Plaintiffs,                   ) <br>                                                       ) <br> v.                                                  ) <br>                                                       ) <br> NOAH HAROLD HAWS, SR., et al.,    ) <br>                                                       ) <br>                 Defendants.                ) | Case No. CIV-06-847-M |

**ORDER**

Before the Court is "Plaintiffs' Motion for Final Judgment Granting Discharge Permanent Injunction Against Further Litigation, and Award of Attorneys' Fees and Costs" [docket no. 25], filed October 18, 2006. On November 14, 2006, defendant Noah Harold Haws, Sr. ("Haws, Sr.") filed his response, and on November 22, 2006, plaintiffs filed their reply. On March 17, 2008, defendant Noah Harold Haws, Jr. ("Haws, Jr.") filed his response, and on March 26, 2008, plaintiffs filed their reply.[1] Based upon the parties' submissions, the Court makes its determination.

I.      INTRODUCTION

American Fidelity Companies Employee Savings Plan (the "Plan") is an "employee pension plan" and "employee benefit plan" as defined under the Employee Retirement Income Security Act

---

[1] On February 7, 2008, plaintiffs amended their complaint adding defendant Noah Harold Haws, Jr.'s personal representative as defendant in the instant action. On March 5, 2008, therefore, the Court directed said personal representative to file a response to the instant motion.

("ERISA"), 29 U.S.C. § 1001 *et seq*. American Fidelity Corporation ("American Fidelity") is the sponsor and a fiduciary of the Plan. InvesTrust, N.A. ("InvesTrust") is a fiduciary of the Plan. Reba Louise Heck ("Decedent"), Mr. Noah Harold Haws, Sr.'s mother and Mr. Noah Harold Haws Jr.'s grandmother, was a participant in the Plan, and an account was established in her name (Decedent's "401K account"). Defendants are currently involved in the probate of Decedent's estate in Oklahoma state court (the "probate case"). On August 11, 2006, plaintiffs filed the instant action seeking, *inter alia*, interpleader pursuant to Federal Rule of Civil Procedure 22.

The balance of Decedent's 401K account is $82,363.57, which was deposited with the Clerk of this Court on August 15, 2006 (the "interpled funds"). Plaintiffs assert that they have received competing claims to the interpled funds from Mr. Haws, Sr. and Mr. Haws, Jr. According to the Complaint, Decedent designated Mr. Haws, Jr. as her primary beneficiary and Mr. Haws, Sr. as her contingent beneficiary under the Plan. Mr. Haws, Sr. contends that the Decedent's estate, and not any individual heir, was the intended primary beneficiary.

II.     DISCUSSION

In the instant motion, plaintiffs seek an order of the Court entering "final judgment in favor the plaintiffs (1) discharging them from any further liability in relation to the . . . American Fidelity Companies Employee Savings Plan (the 'Plan') and the [interpled] funds, (2) permanently enjoining the defendants from bringing any further litigation against the plaintiffs in regard to the Plan or the [interpled] funds, and (3) awarding Plaintiffs their reasonable attorneys' fees and costs incurred in bringing and prosecuting this interpleader action." Plaintiffs' Motion at 1.

   A.     Discharge

Defendant Haws, Jr. objects to plaintiffs' motion regarding discharge on the basis that the

newly appointed personal representative has not received an opportunity to conduct discovery. Defendant Haws, Sr. does not object to plaintiffs' motion regarding discharge. Having reviewed the parties' submissions, the Court finds that the instant discharge does not foreclose defendant Haws, Jr.'s opportunity to conduct discovery of plaintiffs. Specifically, non-parties are subject to both testamentary and documentary discovery pursuant to Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment, Purposes of Revision ("clarify[ing] and enlarg[ing] the protections afforded persons who are required to assist the court by giving information or evidence.... [F]acilitate[s] access ... to documents and other information in the possession of persons who are not parties"). Plaintiffs, therefore, do not have to remain parties to be subject to discovery. As such, the Court finds that a discharge should be granted.

B. Permanent Injunction

The Court previously found that plaintiffs demonstrated that (1) they would suffer irreparable injury in the absence of an injunction, (2) the alleged injury to them outweighed the injury to defendants, (3) the requested relief would not be adverse to the public interest, and (4) that there was a substantial likelihood of success on the merits. As such, the Court entered a preliminary injunction in this matter restraining defendants from instituting or prosecuting any proceeding in any state or United States court affecting the property, instrument or obligation, specifically Decedent's 401K account, which is the subject of this litigation. Plaintiffs now ask the Court to make that injunction permanent.

In an interpleader action, a district court may enter a permanent injunction against claimants who have been subject to the court's jurisdiction if the injunction is necessary in aid of the court's jurisdiction. *See* 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d, § 1717

(2004); *United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978). Defendant Haws, Jr. objects to the entry of a permanent injunction as premature based upon her lack of opportunity to conduct discovery. Specifically, defendant Haws, Jr. contends that plaintiffs may have failed in their fiduciary duty to roll-over the subject Plan Funds and that may create certain liability, an argument previously raised by defendant Haws, Sr. Having reviewed defendant Haws, Jr.'s objection, the Court finds that the argument is without merit because the disputed funds have been tendered into the registry of the Court to abide by its judgment. At best, if defendant Haws, Jr. can prove his assertions, he might be entitled to receive compensation only up to the amount of the disputed funds. Furthermore, even if it were proved that plaintiffs did not rollover the funds, it would not affect who is entitled to receive the funds. Rather, assuming the rollover did not occur, would merely affect whether some or all of the plaintiffs have a claim against plaintiffs.

Defendant Haws, Sr. separately objects, in essence, asserting that the injunction sought is too broad in that any injunction entered should except suits against plaintiffs for violations of their responsibilities regarding the funds that are the subject of the instant action. Having reviewed defendant Haws, Sr.'s objections, the Court finds that the claims he seeks to assert in another lawsuit should have been asserted in the instant case.[2]

Further, since "[u]sually interpleader will not be really effective unless all claimants are brought before the same court in one proceeding and restricted to that single forum in the assertion of their claims . . . , it is of course essential that the interpleader court enjoin the institution or prosecution of other suits as to the same subject matter elsewhere." *Geler v. Nat'l Westminster Bank*

---

[2]The Court would note that the claims defendant Haws, Sr. would like to be able to assert in a subsequent lawsuit appear to be in the nature of compulsory counterclaims and that defendant Haws, Sr. has not filed a counterclaim in this lawsuit.

*USA*, 763 F. Supp 722, 728 (S.D.N.Y. 1991).  Additionally, according to the Tenth Circuit:

> "It has been long recognized that the proper accommodation between the policy against enjoining state proceedings and the objectives of Fed. Rules Civ. P., rule 22, interpleader is to recognize the federal court's power to issue an order whenever it is found that pending or threatened state court and/or other federal district court proceedings will destroy the effectiveness of the interpleader suit or the enforceability of its judgment.

*Major Oil Corp.*, 583 F.2d at 1158.

Having reviewed the parties' submissions, the Court finds that the conclusions previously reached by the Court continue to be valid and are incorporated herein by reference, that the requested relief is not too broad, and that plaintiffs' request for a permanent injunction should be granted.

    C.    Attorneys' Fees

"The propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized . . . ."  *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960), quoted in *Melton v. White*, 848 F. Supp. 1513, 1514 (W.D. Okla. 1994).  Whether to award attorneys' fees and costs out of the interpled funds to the stakeholder in an interpleader action is within the Court's discretion.  *Melton*, 848 F. Supp. at 1514; 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d, § 1719 (2004).  Where, as here, the stakeholder is disinterested (i.e., does not claim any right to the interpled funds), concedes its liability in full, deposits the disputed fund in the court, and seeks discharge, it is appropriate and equitable to grant reasonable attorneys' fees and costs from the fund in favor of the stakeholder.  *United Bank of Denver Nat'l Assoc. v. Oxford Props., Inc.*, 683 F. Supp. 755, 756 (D. Colo. 1988) (citations omitted).

The reasonableness of attorneys' fees is generally determined by calculating a "lodestar" figure by multiplying the total number of hours reasonably expended by a reasonable hourly rate and then adjusting the "lodestar" upward or downward to account for the particularities of the case. *See Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). Plaintiff "'bears the burden of . . . documenting the appropriate hours expended and hourly rates,'" *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). This burden is met by the submission of "meticulous, contemporaneous time records . . . ." *Case*, 157 F.3d at 1250. Absent unusual circumstances, "the fee rates of the local area should be applied . . . ." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

In the instant motion, plaintiffs seek an award of attorneys' fees in the amount of $12,771. In support of the motion, plaintiffs have submitted the affidavit of counsel describing their litigation experience and knowledge and an itemized record of billable hours describing the services or acts performed, the date of such services or acts, and the number of hours expended.[3] Having reviewed plaintiffs' counsel's detailed submissions and the procedural background of this matter, the Court finds that the hours claimed are neither excessive nor unwarranted and that, as such, plaintiffs are entitled to recover attorneys' fees for the hours expended. The Court further finds that the hourly rates charged by plaintiffs' counsel, $220.00 to $240.00 per hour, are reasonable based upon the rates charged by other attorneys in Oklahoma for the same or similar legal services. Accordingly, the Court finds that plaintiffs are entitled to an award for attorneys' fees in the amount sought.

---

[3]Plaintiffs' counsel describe their experience with this type of litigation in greater detail in their reply.

Additionally, plaintiffs seek an award of costs in the amount of $601. Having reviewed plaintiffs' counsel's submissions, the Court finds that this amount is reasonable. Accordingly, the Court finds that plaintiffs are entitled to an award of $12,771 as their attorneys' fees and costs in the amount of $661 for a total of $13,432.

III.   CONCLUSION

For the reasons set forth in detail above, the Court GRANTS plaintiffs' motion. Accordingly, plaintiffs are hereby discharged as stakeholder and dismissed as parties in this action. Plaintiffs are hereby awarded judgment against defendants on their interpleader action and have no further liability to any other parties in connection with the disputed funds. Further, defendants are hereby permanently enjoined from instituting or prosecuting any proceeding in any state or United States court affecting the property, instrument or obligation, specifically decedent's 401K account, which is the subject of this litigation other than in this lawsuit. Finally, plaintiffs are awarded $13,432 in attorneys' fees and costs to be paid out of the disputed funds, and the Court Clerk is directed to disburse said amount from the interpled fund in the registry of the Court in this case to plaintiffs and to forward the same to plaintiffs' counsel.

**IT IS SO ORDERED this 8th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE